IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ALLERGY RESEARCH GROUP, LLC,** a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>**WELLNESS ENTERPRISES, LLC,** a Florida Limited Liability Company; and **PABLO FUENTES,** an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00279-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Allergy Research Group's ("Allergy") Ex Parte Motion for Leave to Effect Service on Defendants by Alternative Means.[1] For the reasons set forth below, the motion is denied.

## Background

Allergy seeks leave to serve Defendants Wellness Enterprises, LLC ("Wellness Enterprises") and Pablo Fuentes ("Mr. Fuentes") (together, "Defendants") via "email through an email address that [Mr.] Fuentes is known to use and electronically through Amazon.com's messaging system[.]"[2] Mr. Fuentes is the registered agent for Wellness Enterprises and named individually as a defendant in this case. Allergy argues that it used reasonable diligence in

---

[1] ECF No. 11.

[2] ECF No. 11 at 1. Allergy's represents that the email address operated through Amazon.com's messaging service is at the storefront "Health_Time" at Merchant ID A2BLF6PF97SSJO that Defendants jointly operate. *Id.*

attempting to locate and serve Defendants but was unable to serve anyone at Wellness Enterprises' last known address.

## DISCUSSION

Although Allergy attempted service on Defendants' last known address, Allergy has not done enough to obtain leave to serve Wellness Enterprises by email. Service upon an unincorporated business entity, such as Wellness Enterprises, is governed by Rule 4(h)(1), which provides that a corporation may be served by either: (1) delivering (personally or through the mail) a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; or (2) following the rules for serving an individual under Rule 4(e)(1).[3] Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"[4] Here, Allergy motion focuses exclusively on Rule 4(e)(1), and, therefore, the court will too.

Given the focus on Fed. R. Civ. P. 4(e)(1), the court looks to Utah R. Civ. P. 4 for how service should be conducted. The relevant portion of Utah R. Civ. P. 4 provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[5]

---

[3] Fed. R. Civ. P. 4(h)(1).

[4] Fed. R. Civ. P. 4(e)(1).

[5] Utah R. Civ. P. 4(d)(5)(A).

A determination of reasonable diligence focuses on the plaintiff's efforts to locate the defendant.[6] Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts,[7] "but do not include assumptions regarding a defendant's interest in the rights to be adjudicated."[8] "The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant."[9] "It does, however, require more than perfunctory performance."[10] Therefore,

> [t]o meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. In a case . . . involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case. Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.[11]

Based on this standard, Allergy has not done enough.

In this case, Allergy failed to demonstrate that it made reasonably diligent attempts to locate and notify Defendants of this case beyond attempting service at Wellness Enterprises last known address. First, as to Wellness Enterprises, Allergy did little more than locate the address

---

[6] *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 15, 100 P.3d 1211.

[7] *Carlson v. Bos*, 740 P.2d 1269, 1275 (Utah 1987).

[8] *Jackson Constr. Co.,* 2004 UT 89 at ¶ 15.

[9] *Id*. at ¶ 19 (quotations and citation omitted).

[10] *Id*.

[11] *Id.* at ¶ 20.

listed on the Florida Secretary of State's website. It did not attempt to call Wellness Enterprises, contact Amazon for storefront information, ask the leasing office for contact information,[12] or ask David Otero, former Managing Member and Partner of Wellness Enterprises, for contact information despite having conversed on the phone with him. Most importantly, Allergy did not even attempt to email Wellness Enterprises for its location or mailing address at the email address that it seeks leave of court to approve as an alternative means of service. Second, as to Mr. Fuentes, aside from the general and business-related internet searches described in ECF No. 11-1 at ¶ 5, no further efforts were made to locate Mr. Fuentes. Other databases exist that can provide current location information about individuals.[13]

      Although the court understands the frustration for having to track down Defendants, the Due Process Clause requires more than what has been done here before authorizing service by email. Allergy's efforts relied wholly on Wellness Enterprises' last known address and have not taken advantage of other readily-available sources of information to locate Defendants. This fails to meet the standard necessary to justify service by email.[14]

---

[12] The two Affidavits of Non-Service, ECF Nos. 8 and 9, do not support Allergy's statement that, "The process server searched for alternative addresses for [Mr.] Fuentes, but could not find one." ECF No. 11-1 at ¶ 13.

[13] Some examples include Accurint, Transunion, and Tracerinfo.

[14] Additionally, the court notes that it is questionable whether the email through Amazon's messaging service is reasonably calculated, under all the circumstances, to apprise Defendants of the action. *See* Utah R. Civ. P. 4(d)(5)(B).

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Allergy's Ex Parte Motion for Leave to Effect Service on Defendants By Alternative Means[15] is DENIED without prejudice, and may be renewed if, after further research and attempts, Allergy is unsuccessful.

DATED this 10th day of June 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[15] ECF No. 11.